UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT<br><br>   Plaintiff,<br><br>  v.<br><br>FRUHLING SAND & TOPSOIL, INC.,<br><br>   Defendant. | CASE NO. C17-0498RSM<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. #10. Defendant asserts three bases for dismissal of this matter: 1) the Amended Complaint does not present good faith allegations of fact that constitute a violation occurring on or after the date of the Complaint, and therefore fails to state a claim for which this court has subject matter jurisdiction; 2) Plaintiff lacks standing because there is no injury in fact that can be redressed by this action; and 3) this suit is moot because Defendant achieved a state of complete compliance prior to the filing of the Complaint, there are no continuing or present adverse effects, and the allegedly wrongful behavior could not reasonably be expected to recur. *Id.* Plaintiff responds that its Amended Complaint meets the applicable pleading standards and therefore Defendant's motion should be denied. Dkt. #16. For the reasons discussed herein, the Court GRANTS Defendant's motion.

ORDER
PAGE - 1

## II. BACKGROUND

This is a Clean Water Act ("CWA") citizen suit brought by Plaintiff under section 505 of the CWA, 33 U.S.C. § 1365. Dkts. #1 and #8. Plaintiff alleges that Defendant violated the CWA by discharging pollutants, without authorization, from its asphalt and concrete processing facility located in King County, Washington.

On January 20, 2017, Plaintiff sent Defendant a Notice of Intent to Sue. Dkt. #8, Ex. 1. Defendant then engaged in a series of actions to remedy the alleged violations contained in the Notice. Dkts. #11 and #12. Plaintiff inspected the site on March 21, 2017, just prior to filing the instant lawsuit. Dkt. #11 at ¶ 9. Defendant asserts that it has been in compliance with its permit since that time. *Id.* at ¶¶ 11-12. Plaintiff alleges ongoing violations and an inability to remain in compliance. *See* Dkt. #8 at ¶ 39.

## III. DISCUSSION

### A. Legal Standards

*1. Motions Under Federal Rule of Civil Procedure 12(b)(1)*

A motion to dismiss for lack of subject-matter jurisdiction is either facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, the moving party "convert[s] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits "or other evidence necessary to satisfy its burden of establishing subject[-]matter jurisdiction."[1] *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). The party asserting its claims in federal court bears the burden of establishing subject-matter jurisdiction.

---

[1] For this reason the Court declines to strike the Declaration of Larry Carron (Dkt. #11) as requested by Plaintiff.

*See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

    2. *Motions Under Federal Rule of Civil Procedure 12(b)(6)*

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570. Though the Court limits its Rule 12(b)(6) review to allegations of material fact set forth in the complaint, the Court may consider documents for which it has taken judicial notice. *See* F.R.E. 201; *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

**B. Subject Matter Jurisdiction**

Defendant moves to dismiss Plaintiff's complaint due to mootness, lack of jurisdiction and the failure to state a claim. Since mootness is jurisdictional, the court will consider this argument first. *See United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007) ("Mootness is a jurisdictional issue which we address at the threshold.").

///

///

ORDER
PAGE - 3

*1. The Clean Water Act*

The CWA is intended to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters," and prohibits the "discharge of any pollutant" into navigable waters from any "point source" without a permit. *See* 33 U.S.C. §§ 1251(a), 1311(a); *see also* 33 U.S.C. § 1362(11) ("discharge of pollutants means . . . any addition of any pollutant to navigable waters from any point source . . .") (quotations omitted); *Northwest Envtl. Advocates v. U.S. Envtl. Prot. Agency*, 537 F.3d 1006, 1010 (9th Cir. 2008) ("'[T]he CWA prohibits the discharge of any pollutant from a point source into navigable waters of the United States without an NPDES permit.'") (quoting *N. Plains Res. Council v. Fid. Expl. & Dev. Co.*, 325 F.3d 1155, 1160 (9th Cir. 2003)). Section 402 of the CWA provides for the issuance of permits under the National Pollutant Discharge Elimination System ("NPDES"). 33 U.S.C § 1342(a). "The NPDES permitting program is the 'centerpiece' of the Clean Water Act and the primary method for enforcing the effluent and water-quality standards established by the EPA and state governments." *Nat. Res. Def. Council*, 673 F.3d at 891 (citation omitted). The Environmental Protection Agency ("EPA") or state agencies authorized by the EPA can issue NPDES permits. 33 U.S.C. § 1342(a)-(b).

The CWA requires NPDES permits for stormwater "discharges associated with industrial activities." *Envtl. Def. Ctr., Inc. v. U.S. EPA*, 344 F.3d 832, 840 (9th Cir. 2003). "In Washington State, the Department of Ecology ("Ecology") is authorized by the EPA to administer the [CWA's] NPDES program." *Ass'n to Protect Hammersley, Eld, and Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1009-10 (9th Cir. 2002). Ecology regulates many pollutant discharges through "general permits," a tool by which a large number of similar dischargers are regulated under a single NPDES permit. *See Envtl. Def. Ctr.*, 344 F.3d at 853.

ORDER
PAGE - 4

Washington's Sand and Gravel General NPDES Permit (" Sand and Gravel Permit") authorizes discharges of pollutants from certain activities related to the sand and gravel industry to waters of the state subject to various conditions. Dkt. #11, Ex. 1. These conditions include: limits on the turbidity, oil and grease, and pH in the facility's discharge; a prohibition on discharges that cause or contribute to violations of water quality standards; discharge monitoring, sampling, and recordkeeping requirements; facility self-inspection and documentation requirements; and additional reporting and recordkeeping requirements. *Id*. To reduce and eliminate pollutant concentrations in stormwater discharges, the Permit requires that permittees develop and implement best management practices ("BMPs") and a Site Management Plan ("SMP"), which includes a Stormwater Pollution Prevention Plan ("SWPPP"), Erosion and Sediment Control Plan, Monitoring Plan, and Spill Control Plan; and apply all known and reasonable methods of prevention, control and treatment ("AKART") to discharges. *Id.*

Section 505(a) permits a private citizen to bring a lawsuit against any person "alleged to be in violation" of the CWA. *See* 33 U.S.C. § 1365(a)(1). Before a suit can be commenced, the citizen must give a 60-day notice of intent to sue. *See* 33 U.S.C. § 1365(b)(1)(A). The purposes of the Notice are to give government agencies an opportunity to enforce environmental regulations without the need for a citizen suit, and to give the alleged violator "'an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" *Ctr. for Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009) (quoting *Hallstrom v. Tillamook County*, 493 U.S. 20, 29, 110 S. Ct. 304, 107 L. Ed. 2d 237 (1989)).

///

///

ORDER
PAGE - 5

*2. Mootness*

A plaintiff may only bring a citizen suit for future or ongoing violations of the CWA. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 64, 66, 108 S. Ct. 376, 98 L. Ed. 2d 306 (1987). A citizen suit is moot if it is based on wholly past violations, and if there is no reasonable expectation that the alleged wrong will be repeated. *Id.* at 66-67. Consistent with traditional mootness principles, a defendant must satisfy a "heavy burden" of showing that "it is *absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* at 66 (citation and internal quotations marks omitted) (emphasis in original)). The "mootness doctrine thus protects defendants from the maintenance of suit under the [CWA] based solely on violations wholly unconnected to any present or future wrongdoing, while it also protects plaintiffs from defendants who seek to evade sanction by predictable protestations of repentance and reform." *Id.* at 66-67 (internal quotations omitted).

Defendant argues that it became fully compliant within the 60-day notice period, that they remained compliant at the time the lawsuit was filed, and that there is no reasonable expectation that they will violate the Sand and Gravel Permit in the future. Dkt. #10 at 8-20. Therefore, according to Defendant, Plaintiff's entire action is moot because it is based solely on past violations of the CWA. *Id.* at 21-22. To support this contention, Defendant points to an extensive list of improvements it made to the site after receiving the Notice from Plaintiff. Dkts. #10 at 5-7 and #11 and Exhibits thereto. Defendant also relies on the fully compliant SMP that they delivered to Plaintiff prior to the expiration of the 60-day waiting period. Dkt. #11 at ¶ 10 and Ex. 3 thereto. Further, Defendant produces evidence that since the filing of the Complaint, it has remained in compliance. Dkt. #11 and Exhibits thereto. As a result, Defendant argues, the Complaint lists only alleged violations that occurred only at the time the Notice letter was sent

ORDER
PAGE - 6

and cannot confer jurisdiction in this Court now. *See* Dkt. #10 at 11-15. Finally, Defendant argues that the allegations set forth in the new paragraph 39 of the Amended Complaint do not allege a violation at the improved facility and therefore also do not confer jurisdiction over the claims. *Id.* at 15-20.

Plaintiff responds that it has adequately pled good faith allegations of continuing violations or violations that are likely to continue to occur. Dkt. #16 at 14-19. Plaintiff argues that based on its own tour of the improved facility and review of the information it received from Plaintiff, it concluded that the violations alleged in the Amended Complaint were either continuing or reasonably likely to reoccur. *Id.* at 17 and Dkt. #17.

Having reviewed the parties' argument and the record before the Court, the Court agrees with Defendant that Plaintiff does not offer any facially credible evidence of a present or ongoing violation and this matter should be dismissed. *See* Dkt. #21 at 5. Further, for the reasons set forth by Defendant, the Court agrees that the observations set forth in Mr. Greg Wingard's Declaration do not salvage Plaintiff's amended Complaint. *See* Dkts. #17 and #21 at 5-7. Likewise, Ms. Janet Hays' Declaration does not support any contention of an ongoing violation. *See* Dkt. #18. Finally, Plaintiff's counsel asserts that it plans to conduct "discovery of facts concerning the defendant's violation of the terms of its NPDES permit **and whether they have occurred on or after the date of the original complaint and whether these violations are reasonably likely to continue to occur**."[2] Dkt. #21 at ¶ 3 (emphasis added). This statement

---

[2] Plaintiff also states that "Paragraph 39 itself does not allege an ongoing violation of any particular Permit condition." Dkt. #16 at 15. Instead, Plaintiff argues that the allegations in Paragraph 39 provides some detail as to why it believes that the violations alleged in the Notice letter are ongoing despite the improvements Defendant made. *Id.* The Court finds this argument unpersuasive given the evidence of compliance in the record.

ORDER
PAGE - 7

undermines Plaintiff's allegation that they have a good faith belief of continuing violations or that violations are reasonably likely to occur.

For these reasons, the Court agrees that Plaintiff's Complaint is moot and should be dismissed without prejudice. Because the Court dismisses the Complaint on this jurisdictional ground, it need not reach Defendant's remaining arguments.

### IV.   CONCLUSION

Having reviewed Defendant's Motion to Dismiss, the Opposition thereto and Reply in support thereof, along with the parties Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant's Motion to Dismiss (Dkt. #10) is GRANTED for the reasons set forth above.

2. This matter is now CLOSED.

DATED this 26 day of July, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE