HON. RICARDO S. MARTINEZ

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  WASTE ACTION PROJECT,                    )
                                           )
9              Plaintiff,                   )        Case No. 2:17-cv-00498-RSM
                                           )
   v.                                       )
10                                          )
   FRUHLING SAND & TOPSOIL, INC.,          )        AMENDED CONSENT DECREE
11                                          )
               Defendant.                   )
12 _____        )
                                           )
13

14                      **I.    STIPULATIONS**

15       WHEREAS, Plaintiff Waste Action Project filed a second amended complaint against

16  Defendant Fruhling Sand & Topsoil, Inc. ("Fruhling") alleging violations of the Clean Water Act

17  ("CWA"), 33 U.S.C. § 1251 et seq., at Fruhling's facility located at 1010 228th Street SW,

18  Bothell, WA 98021 (the "Property"), and seeking declaratory and injunctive relief, civil

19  penalties, and attorneys' fees and costs. Dkt. 40.  Fruhling's activities and operations on the

20  Property, along with the Property, are referred to as the "Facility."

21       WHEREAS, the parties executed and filed a "Stipulation of Facts and Issues" stipulating

22  to, among other things, Fruhling's discharges of arsenic-contaminated water to Crystal Creek via

23  point source without NPDES permit authorization in violation of the Clean Water Act (referred

24  to herein as the "unpermitted pollutant discharge"). Dkt. 55.

25       WHEREAS, Fruhling and the Washington State Department of Ecology ("Ecology")

26  have entered into an Agreed Order Docket No. 16479 (the "Agreed Order"), attached hereto as

CONSENT DECREE
No. 2:17-cv-00498-RSM
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1   Exhibit A and incorporated herein by this reference, effective October 18, 2019, and an

2   Amended Agreed Order Docket No. 18098, attached hereto as Exhibit D and incorporated herein

3   by this reference, effective April 13, 2020.  Together, the Agreed Order and the Amended

4   Agreed Order are referred to as the "Amended Agreed Order."

5       WHEREAS, the Property is for sale and Fruhling is in negotiations with a prospective

6   buyer for the Property.

7       WHEREAS, Waste Action Project and Fruhling agree that settlement of these matters is

8   in the best interest of the parties and the public, and that entry of this Consent Decree is the most

9   appropriate means of resolving this action.

10       WHEREAS, Waste Action Project and Fruhling stipulate to the entry of this Consent

11   Decree without trial or adjudication of any issues of fact or law regarding Waste Action Project's

12   claims that remain undecided or unstipulated, and without any admissions other than those

13   expressly provided in this Consent Decree.

14       DATED this __th day of April, 2020

15

    MILLER NASH GRAHAM & DUNN LLP    SMITH & LOWNEY PLLC

16

17   By  s/Douglas Morrison       By  s/Marc Zemel
     Douglas Morrison, WSBA #18769    Marc Zemel, WSBA #44325

18   Attorneys for Defendant         Attorneys for Plaintiff
     Fruhling Sand & Topsoil, Inc.       Waste Action Project

19

20

21   FRUHLING SAND & TOPSOIL, INC.     WASTE ACTION PROJECT

22
     By _____    By _____

23       Dan Fruhling              Greg Wingard
       President               Executive Director

24

25

26

AMENDED CONSENT DECREE           Smith & Lowney, p.l.l.c.
No. 2:17-cv-00498-RSM             2317 East John St.
2                            Seattle, Washington 98112
                                (206) 860-2883

4830-6958-5594.1

# I.     ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing stipulations of the parties.
Having considered the stipulations and the promises set forth below, the Court hereby ORDERS,
ADJUDGES, and DECREES as follows:

1.     This Court has jurisdiction over the parties and subject matter of this action.

2.     Each signatory for the parties certifies for that party that he or she is fully
authorized by the party or parties he or she represents to enter into the terms and conditions of
this Consent Decree and to legally bind the party or parties, their successors in interest and
assigns of the parties to it.

3.     This Consent Decree applies to and binds the parties and their successors in
interest and assigns.

4.     This Consent Decree and any injunctive relief ordered within will apply to the
operation and oversight by Fruhling of the Facility, which is currently subject to National
Pollutant Discharge Elimination System Permit No. WAG503168 (the "NPDES permit"), but
which lacks an NPDES permit authorizing the unpermitted pollutant discharge.

5.     This Consent Decree is a full and complete settlement and release of all the claims
alleged in the second amended complaint and all other claims known or unknown and existing as
of the date of the entry of this Consent Decree that could be asserted against Fruhling, its
officers, management, employees, agents, successors and assigns under the Clean Water Act, 33
U.S.C. §§ 1251-1387, arising from the operation of or discharges from the Facility. Upon
termination of this Consent Decree, these claims will be released and dismissed with prejudice.

6.     This Consent Decree is a settlement of certain disputed facts and law. This
Consent Decree is not an admission or adjudication regarding any specific allegations by Waste
Action Project in this case or of any conclusion of fact or law related to those allegations that
remain undecided or unstipulated, nor evidence of any wrongdoing or misconduct on the part of
Fruhling.

AMENDED CONSENT DECREE
No. 2:17-cv-00498-RSM
3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4830-6958-5594.1

1    7.    The parties agree that the obligations undertaken under Paragraphs 8, 9 and 10 are

2    in full and complete satisfaction of all the claims covered by this decree.

3    8.    Injunctive Relief:

4         a.    Fruhling will comply fully with the terms and provisions of the NPDES

5    Permit at the Facility and any successor, modified, or replacement permit and any

6    additional NPDES permit issued for the Facility in the future.

7         b.    Fruhling will comply with the Amended Agreed Order attached as

8    Exhibits A and D, including the Corrective Actions in Section IV of the Amended

9    Agreed Order.  In addition:

10             1.    Fruhling must, simultaneous with delivery of any and all

11        documents submitted to Ecology under the Amended Agreed Order, send a copy

12        to Waste Action Project.

13             2.    Upon receipt of documents submitted under paragraph 8.b.1 of this

14        Consent Decree, Waste Action Project will have 30 days to provide Fruhling and

15        Ecology with comments.  Within 14 days of receiving Waste Action Project's

16        comments, Fruhling will respond to each comment in writing.  If Waste Action

17        Project's comments propose changes to any of Fruhling's submissions to

18        Ecology, Fruhling's response must adopt Waste Action Project's proposed

19        changes and promptly resubmit to Ecology, or provide detailed justification why

20        it believes the proposed changes are unnecessary or unreasonable.

21             3.    Fruhling will make all reasonable efforts to expeditiously obtain

22        Ecology approval for its plan to address its unpermitted pollutant discharge in

23        accordance with paragraphs IV 1) through 4) of the Amended Agreed Order, as

24        well as any other necessary regulatory approvals or other agreements with third

25        parties.  Upon Ecology's approval of Fruhling's proposed plan, Fruhling will

26        implement the plan as soon as practicable.

AMENDED CONSENT DECREE
No. 2:17-cv-00498-RSM
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4830-6958-5594.1

1       c.      With respect to any contamination caused by the unpermitted pollutant

2      discharge that is not addressed by the Amended Agreed Order and that is located outside

3      the boundaries of the Facility, Fruhling will comply with the requirements of the Model

4      Toxics Control Act (MTCA), Chapter 70.105D RCW and Ecology's implementing

5      regulations, Chapter 173-340 WAC.  Fruhling will promptly provide Waste Action

6      Project with copies of all sampling data obtained during this process, and notify Waste

7      Action Project within 7 days after it completes implementation of a cleanup action plan.

8       d.      Once per calendar quarter Fruhling will provide Waste Action Project with

9      progress updates describing the status of implementation of all activities performed under

10      this Paragraph 8 until complete.  These progress updates will be due Waste Action

11      Project on the following dates for the prior calendar quarter: February 15th, May 15th,

12      August 15th and November 15th.

13       e.      Within thirty (30) days of entry of this Consent Decree, with a qualified

14      consultant, Fruhling will review and revise its Site Management Plan (SMP) to meet the

15      requirements of the Sand and Gravel General Permit as follows: (i) include on the

16      Facility site map the presence of any scrap metal pile, the location of the unpermitted

17      pollutant discharge, the drainage from near the entrance that flows to a Pond, and the

18      location of methane system components that generate condensate; (ii) include a directive

19      to identify any location that is designed to or used purposely to infiltrate stormwater as a

20      discharge point and monitor that location in accordance with the NPDES permit;  (iii)

21      develop procedures for monitoring and disposal of methane system condensate to prevent

22      discharges of condensate to the ground; (iv) revise the BMPs to include additional

23      sweeping at the Facility entrance to minimize sediment trackout; (v) after a review to

24      assess the sufficiency of the current SMP, including the sufficiency of the currently

25      selected Best Management Practices (BMPs), otherwise revise the SMP as necessary to

26      achieve compliance with the NPDES Permit.

AMENDED CONSENT DECREE
No. 2:17-cv-00498-RSM
5

4830-6958-5594.1

1           f.      Within ten (10) days of entry of this Consent Decree, Fruhling will

2  prevent methane system condensate from discharging to the ground.

3  9.     Payment in Lieu of Penalty:

4           a.      Fruhling will make payments in the amount of the lesser of fifty percent

5  (50%) of the Net Proceeds on Sale of the Property or Four Hundred Thousand Dollars

6  ($400,000) ("the Payment in Lieu of Penalty").  "Net Proceeds on Sale of the Property"

7  means all proceeds of the sale of the Property remaining after satisfaction and payment of

8  all financial encumbrances on the Property, real estate excise taxes due in connection

9  with the sale, commissions, closing costs including escrow fees and costs of recording

10  and reconveyance, title insurance premiums, and the costs of litigation owed per

11  paragraph 10 of this Consent Decree.  If Fruhling contends the Payment in Lieu of

12  Penalty is less than $400,000, it will promptly provide Waste Action Project with copies

13  of all documentation used to calculate the Payment in Lieu of Penalty.  Payments towards

14  the Payment in Lieu of Penalty will be made to EarthCorps for environmental benefit

15  projects in the Swamp Creek watershed, as described in <u>Exhibit B</u> to this Consent Decree.

16  Checks will be made to the order of and delivered to EarthCorps, Attn: Steve Dubiel,

17  6310 NE 74th Street, Suite 201E, Seattle, WA 09115.  Payment shall include the

18  following reference in a cover letter or on the check: "Consent Decree, WAP v. Fruhling

19  Sand and Topsoil, Inc."  Fruhling will send copies of all checks and cover letters

20  simultaneously to Greg Wingard, Waste Action Project, P.O. Box 9281, Covington, WA

21  98042.  Fruhling will satisfy this obligation as follows:

22           b.      Fruhling will make monthly payments of Five Thousand Dollars ($5,000)

23  until it pays the entirety of the Payment in Lieu of Penalty.  These monthly payments will

24  be due on the first day of each month.  A check mailed and postmarked on or before the

25  first of the month will be considered timely.  For every day a payment is late, Fruhling

26  will pay an additional Twenty-Five Dollars ($25) as stipulated damages for late

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4830-6958-5594.1

1     payments.  Fruhling may at any time pay the entire remaining balance of the Payment in

2     Lieu of Penalty, plus any accrued late fees, to satisfy its obligation under Paragraph 9.

3                c.        Fruhling's first monthly payment to EarthCorps will be due on the first of

4     the month following satisfaction of Fruhling's obligations in Paragraph 10, below.

5                d.        Fruhling commits to diligently pursue a sale of the Property and to

6     maximize the sale price.  Fruhling will pay any remaining balance of the Payment in Lieu

7     of Penalty, plus any accrued late fees, within seven (7) days of closing on any sale of the

8     Property.  Fruhling will within one (1) business day notify Waste Action Project when it

9     receives any written purchase offers (including the offer amount), when it executes a

10    purchase and sale agreement, and when the sale closes.

11    10.      Costs of Litigation:

12               a.        Fruhling will pay Waste Action Project's reasonable attorney and expert

13    fees and costs in the amount of Two Hundred Thousand Dollars ($200,000), pursuant to

14    the Promissory Note executed in favor of Smith & Lowney PLLC on December 24, 2019

15    and attached hereto as Exhibit C.  Checks will be made to the order of and delivered to

16    Smith & Lowney PLLC, 2317 E. John Street, Seattle, WA 98112, Attn: Knoll Lowney.

17    Fruhling will satisfy this obligation as follows, consistent with the Promissory Note:

18               b.        Fruhling will make monthly installment payments of Five Thousand

19    Dollars ($5,000) each month, commencing on the first day of the month following entry

20    of this Consent Decree.  The full balance, including any accrued interest and late fees

21    provided in the Promissory Note attached hereto as Exhibit C, will be due and payable on

22    the first day of the fortieth month after the first installment date, or seven (7) days after

23    the closing date for the sale of the Property, whichever occurs earlier.  Fruhling may at

24    any time pay the entire remaining balance of the $200,000 before the due date, plus any

25    accrued interest and late fees, to satisfy its obligation under Paragraph 10.

26

AMENDED CONSENT DECREE
No. 2:17-cv-00498-RSM
7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

1           c.     Fruhling commits to pursue sale of the Facility and to maximize the sale

2    price.  Fruhling will within one (1) business day immediately notify Waste Action Project

3    when it receives any written purchase offers (including the offer amount), when it

4    executes a purchase and sale agreement and when the sale closes.

5        11.    The payments described under Paragraphs 9 and 10 above shall be in full and

6  complete satisfaction of any claims Waste Action Project has or may have against Fruhling,

7  either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs

8  incurred in this litigation, or for civil penalties, or payments in lieu of civil penalties pursuant to

9  a supplemental environmental project under the CWA, or relief of any nature whatsoever not

10  provided for in this Consent Decree.

11        12.    A force majeure event is any event outside the reasonable control of Fruhling that

12  causes a delay in performing tasks required by this decree that cannot be cured by due diligence.

13  Delay in performance of a task required by this decree caused by a force majeure event is not a

14  failure to comply with the terms of this decree, provided that Fruhling timely notifies Waste

15  Action Project of the event; the steps that Fruhling will take to perform the task; the projected

16  time that will be needed to complete the task; and the measures that have been taken or will be

17  taken to prevent or minimize any impacts to water quality resulting from delay in completing the

18  task.

19        Fruhling will notify Waste Action Project of the occurrence of a force majeure event as

20  soon as reasonably possible but, in any case, no later than fifteen (15) days after the occurrence

21  of the event.  In such event, the time for performance of the task will be extended for a

22  reasonable period of time following the force majeure event.

23        By way of example and not limitation, force majeure events include

24          a.     Acts of God, war, insurrection, or civil disturbance;

25          b.     Earthquakes, landslides, fire, floods;

26

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4830-6958-5594.1

1        c.      Actions or inactions of third parties over which defendants have no

2                control;

3        d.      Unusually adverse weather conditions;

4        e.      Restraint by court order or order of public authority;

5        f.      Strikes;

6        g.      Any permit or other approval sought by Fruhling from a government

7                authority to implement any of the actions required by this consent decree

8                where such approval is not granted or is delayed, and where Fruhling has

9                timely and in good faith sought the permit or approval; and

10        h.      Litigation, arbitration, or mediation that causes delay.

11        13.    This Court retains jurisdiction over this matter. And, while this Consent Decree

12 remains in force, this case may be reopened without filing fee so that the parties may apply to the

13 Court for any further order that may be necessary to enforce compliance with this decree or to

14 resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a

15 dispute regarding implementation of, or compliance with, this Consent Decree, the parties must

16 first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures

17 for resolving the dispute.  The provisions of CWA section 505(d), 33 U.S.C. § 1365(d),

18 regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to

19 any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce

20 the terms and conditions of this Consent Decree.

21        15.    The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent

22 judgment can be entered in a Clean Water Act suit in which the United States is not a party prior

23 to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the

24 U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the filing of this

25 Consent Decree by the parties, Waste Action Project will serve copies of it upon the

26 Administration of the U.S. EPA and the Attorney General, with a copy to Fruhling.

AMENDED CONSENT DECREE
No. 2:17-cv-00498-RSM
9

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4830-6958-5594.1

1    16.    This Consent Decree will take effect upon entry by this Court.  Upon both (a)

2    satisfaction of the payment obligations under Paragraphs 9 and 10, and (b) issuance of any No

3    Further Action letter by Ecology with respect to the obligations under paragraph 8.c of this

4    Consent Decree, or after two years from the date of entry of this Consent Decree, whichever is

5    later, the parties shall jointly notify the Court and request termination of this Consent Decree and

6    dismissal of the case in accordance with Paragraph 5.  The parties by agreement may request

7    termination and dismissal after performance of both (a) and (b) above.

8    17.    All parties have participated in drafting this Consent Decree.

9    18.    This Consent Decree may be modified only upon the approval of the Court.

10    19.    If for any reason the Court should decline to approve this Consent Decree in the

11    form presented, this Consent Decree is voidable at the discretion of either party.  The parties

12    agree to continue negotiations in good faith in an attempt to cure any objection raised by the

13    Court to entry of this Consent Decree.

14    20.    All communications between the parties shall be through legal counsel.

15    Notifications or copies required by this Consent Decree to be made to Waste Action Project shall

16    be delivered electronically to:

17    Waste Action Project
      Attn: Greg Wingard
18    P.O. Box 9281,
      Covington, WA 98042
19    E-mail: gwingard@earthlink.net

20    Notifications required by this Consent Decree to be made to Fruhling shall be mailed to:

21    Dan Fruhling
      Fruhling Sand & Topsoil, Inc.
22    7534 NE 175th St #1
      Kenmore, WA 98028
23    E-mail: 59rockman@gmail.com

24
      With a copy to:
25    Douglas Morrison
      Miller Nash Graham & Dunn
26

AMENDED CONSENT DECREE
No. 2:17-cv-00498-RSM
    10

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

4830-6958-5594.1

1   2801 Alaskan Way #300
    Seattle WA 98121
2   E-mail:  douglas.morrison@millernash.com

3       A notice or other communication regarding this Consent Decree will be effective when

4   received unless the notice or other communication is received after 5:00 p.m. on a business day,

5

6   or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the

7   next business day.  A notice or other communication will be deemed to have been received: (a) if

8   it is delivered in person or sent by registered or certified mail or by nationally recognized

9   overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the

10  receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a

11  change in address for which no notice was given, then upon that rejection, refusal, or inability to

12  deliver.

13

14      DATED this 7th day of May, 2020.

15

16

17

18  _____
    RICARDO S. MARTINEZ
    CHIEF UNITED STATES DISTRICT JUDGE
19

20  Presented by:

21

22  MILLER NASH GRAHAM & DUNN LLP          SMITH & LOWNEY PLLC

23                                         By  s/Marc Zemel
    By  s/Douglas Morrison                 Marc Zemel, WSBA #44325
24  Douglas Morrison, WSBA #18769          Attorneys for Plaintiff
    Attorneys for Defendant                Waste Action Project
25  Fruhling Sand & Topsoil, Inc.

26

AMENDED CONSENT DECREE                     Smith & Lowney, p.l.l.c.
No. 2:17-cv-00498-RSM                         2317 East John St.
    11                                     Seattle, Washington 98112
                                              (206) 860-2883

                                                   4830-6958-5594.1